IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Samuel, ) | C/A No.: 1:20-2601-TMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Mr. Charles Williams, ) | |
| ) | |
| Respondent. ) | |
| ) | |

    Petitioner Eric Samuel is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on Petitioner's motion for discovery filed on October 2, 2020. [ECF No. 17]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2) (D.S.C.), all pretrial proceedings have been referred to the undersigned.

    Petitioner seeks discovery "on the grounds that the Petitioner is incarcerated [and] that will help and support and prove with the credibility of evidence to support petitioner's claims." [ECF No. 17]. In habeas corpus cases, leave of court is required for the parties to conduct discovery. *See* Rules Governing § 2254 Cases, Rule 6(a). Any party requesting discovery in a habeas corpus action must provide reasons for the request. Rules Governing § 2254

Cases, Rule 6(b). The Supreme Court has held that "the 'broad discovery provisions' of the Federal Rules of Civil Procedure do not apply in habeas proceedings." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (citing to *Harris v. Nelson*, 394 U.S. 286 (1969)). Petitioner must set forth specific allegations "show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id.* at 908–09.

Because Petitioner has failed to set forth specific allegations showing he needs discovery to demonstrate he is entitled to relief, his motion is denied.

IT IS SO ORDERED.

October 5, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge