IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Eric Samuel, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:20-cv-2601-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Charles Williams, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Eric Samuel ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus on July 13, 2020. (ECF Nos. 1; 2; 5). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On October 15, 2020, Respondent filed a Motion for Summary Judgment. (ECF Nos. 24; 25). Petitioner filed a response in opposition to the motion, (ECF No. 33), and Respondent replied, (ECF No. 35).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Respondent's motion for summary judgment and dismiss Petitioner's petition with prejudice. (ECF No. 37). On February 4, 2021, Petitioner filed a motion seeking a thirty-day extension of time in which to file his objections to the Report, citing the need "to get access to the prison law library to do legal research" as the grounds for his motion. (ECF No. 40). The courted granted Petitioner's motion in part, granting him an additional fourteen days to file any objections. (ECF No. 41). On the date his objections were due, Petitioner filed a second motion seeking thirty additional days to file objections, again citing his need to access the prison law library. (ECF No. 43). On February 22, 2021, the court entered a text ordering finding

1

Petitioner failed to set forth good cause to warrant further extension of the deadline and denying Petitioner's motion. (ECF No. 44). The court directed Petitioner to submit any objections to the Report within seven days. *Id*. Despite the multiple extensions granted by the court, Petitioner has filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 37), and incorporates it herein. Accordingly, Respondent's Motion for Summary Judgment (ECF No. 25) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED with prejudice.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 8, 2021